IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDE WORTHINGTON BENEDUM FOUNDATION, a *Pennsylvania non-profit corporation*,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS HARLEY, III, *an adult individual*, FURSA ALTERNATIVE STRATEGIES, LLC, *a Delaware Limited Liability Company*, ARSENAL GROUP, LLC, *a Delaware Limited Liability Company, and* HBS HOLDING COMPANY, LLC*, a Delaware Limited Liability Company*,<br><br>Defendants. | Civil Action No. 12-1386<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

**I.   INTRODUCTION**

Presently before the Court is Plaintiff's Motion for Sanctions. (Docket No. 71). The matter has been fully briefed, and the Court heard oral argument on this matter on May 29, 2014. (Docket Nos. 71, 72, 74). On June 4, 2014, the Court ruled in part on Plaintiff's Motion, ordering Defendants to produce a list of documents identified within said Order. (Docket No. 77). The Court deferred ruling, however, as to Plaintiff's request for sanctions, keeping this matter under advisement. (*Id.*). The Court has subsequently reviewed the Declaration of Plaintiff's expert, David R. Tantlinger, Jr., (Docket No. 81), as well as the transcript of Mr. Tantlinger's deposition, which was taken on May 7, 2014. Upon the Court's consideration of these documents, all related filings, and for the reasons, Plaintiff's Motion for Sanctions is granted, in part, and denied, in part.

1

## II. BACKGROUND

Since this case was removed on September 25, 2012, this Court has heard multiple discovery disputes. The case management conference was held on October 31, 2012, at which time fact discovery was ordered to close by April 30, 2013. (Docket Nos. 14; 15). On March 27, 2013, the parties filed a Joint Motion to Extend Fact Discovery. (Docket No. 35). The Court granted this Motion the same day, ordering that fact discovery conclude by July 31, 2013. (Docket No. 36).

On May 24, 2013, the Plaintiff filed its first Motion to Compel. (Docket No. 41). Therein, Plaintiff averred that Defendants had produced general ledgers from the Fund, but these ledgers failed to show what happened to money once investments were sold. (*Id.* at ¶¶ 11–14). Thus, Plaintiff sought "documents that show where the disbursement went after leaving the Fund, whether to Harley, investors, banks, etc." (*Id.* at ¶ 15). In Response, Defendants averred that they were in the process of obtaining additional bank records, which would be produced. (Docket No. 44). On June 7, 2013, the Court issued an Order as follows: "Defendants are to produce all bank records described in their response brief (Docket No. 44 at ¶¶ 11, 15, 18, 19, 21), by July 8, 2013." (Docket No. 47). This Order encompassed bank records that Defendant had averred it was in the process of collecting. (Docket No. 44).

Then, on July 26, 2013, Plaintiff filed a second Motion to Compel and a Motion for Leave to Serve Additional Discovery. (Docket Nos. 49; 51). The Court held a hearing on August 5, 2013, (Docket No. 55), and on August 6, 2013, the Court ordered that Defendants were required to produce six items to Plaintiff:

1. Defendant Harley's bank account records from 2006 to the present;
2. Defendant HBS Holding Company, LLC's bank records from 2006 to the present;

3. Defendant FURSA Alternative Strategies, LLC's bank records that have not already been produced from 2006 to the present;

4. Bannon Holdings, LLC's bank account records from 2006 to the present;

5. A S Wings, LLC's bank account records from 2006 to the present; and,

6. HRK Holdings, LLC's bank account records from 2006 to the present.

(Docket No. 56). Defendants subsequently produced additional documents responsive to this Order between September and October 2013. (Docket Nos. 72 at 2; 72-3; 72-4).

On November 26, 2013, the parties engaged in a Court annexed Mediation Conference before the Honorable Cynthia Reed Eddy. (Docket No. 63). Plaintiff's expert witness, David Tantlinger was present at this conference. (*Id.*). The mediation was continued by way of Telephone Status Conference on December 13, 2013, but the case did not resolve. (CM/ECF, Text Minute Entry, Dec. 16, 2013). Subsequently, this Court held a Telephone Status Conference on December 17, 2013, at which time a schedule for expert discovery was ordered. (Docket Nos. 64, 65). The parties then proceeded with expert discovery. Accordingly, Mr. Tantlinger submitted an expert report dated March 18, 2014. (Docket No. 74). In turn, Defendants' expert, Mr. King, submitted his report on April 18, 2014. (*Id.*). Mr. Tantlinger was then deposed on May 13, 2014. (*Id.*). To this Court's knowledge, as of this time, Mr. King has not been deposed. (*Id.*).[1]

During this discovery process, Plaintiff came to understand that Defendants had not produced all of the information specified in this Court's September 6, 2013 Order. (Docket No. 71). Hence, Plaintiff issued subpoenas to two accounting firms that have performed services for

---

[1] On May 16, 2014, the Court having been advised by counsel during a Telephone Status Conference that Defendants anticipated the present Motion, as well as a Motion for Sanctions based on the defense expert's use of Defendants' confidential mediation statement, (Docket No. 73), expert discovery is stayed pending resolution of same. (Docket No. 69).

3

Defendants, *i.e.*, T.J. Megale & Associates, LLC and Markum, LLP. (Docket Nos. 71-6; 74).[2] Despite the subpoenas, these firms did not provide Plaintiff with the requested information, and Plaintiff did not raise this issue with the Court until the present Motion was filed. (Docket Nos. 71; 74).

In its present Motion, Plaintiff argues that Defendants failed to fully comply with their obligations based on this Court's August 6, 2013 Order, as well as their obligations pursuant to Rule 26, and that Defendants' discovery omissions warrant sanctions. (Docket No. 71). In support of this Motion, Plaintiff provided a Declaration wherein Mr. Tantlinger lists the documents that Defendants had failed to timely provide during discovery. (Docket No. 71 at 10–12). On May 29, 2014, immediately prior to the hearing on this matter and at the Court's direction, the parties[3] were able to reach agreement as to what documents Defendants would produce to Plaintiff, and a timetable for same. (Docket No. 74). However, the parties continued to dispute what sanctions, if any, are appropriate to address Defendants' failure to timely produce these documents. (*Id.*).

### III. LEGAL STANDARD

Plaintiff seeks sanctions based on Federal Rule of Civil Procedure 37(b)–(c). (Docket No. 71). Generally, Rule 37 governs sanctions imposed against a party that fails to provide discovery as required by the discovery rules or a court order. FED. R. CIV. P. 37. District courts are afforded broad discretion as to the type and degree of sanctions imposed, but the sanctions must be just and related to the claims at issue. *Trask v. Olin Corp.*, 298 F.R.D. 244, 257–58 (W.D. Pa. 2014) (Fischer, J.).

---

[2] Plaintiff did not come into Court asking leave for additional fact discovery.
[3] The Court had ordered counsel and the parties to appear along with Defendant Harley's accountant, Christopher Spinoso, C.P.A. (Docket No. 69). Mr. Spinoso was separately represented by counsel at this hearing.

Rule 37(b) applies where a party fails to comply with a Court's Order directing discovery. FED. R. CIV. P. 37(b).[4] For such a violation, Rule 37(b)(2) specifically permits several sanctions including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, stay further proceedings, enter a default judgment, or find a party in contempt.[5] *Id.*

By contrast, Rule 37(c)[6] permits sanctions where a party fails to fulfill its duties to disclose or supplement discovery pursuant to Rule 26(a) and (e). Under Rule 37(c)(1), a party is

---

[4] **37(b) Failure to Comply with a Court Order.**
\*\*\*
(2) <u>Sanctions Sought in the District Where the Action Is Pending.</u>
(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)

[5] Rule 37(b)(2)(A)(vii), which provides for civil contempt for the violation of a discovery order, is sometimes "used as a lesser sanction in lieu of dismissal or default." Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* 742, § 49(B)(5) (5th ed. 2013) (citing *Xaphes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 545 (D. Me. 1984)). The contempt power "should not generally be used to award non-coercive, compensatory financial sanctions for discovery abuse because the attorney's fees and costs incurred as a result of the violation" can be recovered under other subsections of Rule 37. *Id.*

[6] **37(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
(1) <u>Failure to Disclose or Supplement</u>. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and

specifically precluded from using evidence at trial that was not disclosed as required under Rule 26(a) or (e). FED. R. CIV. P. 37(c)(1). Additionally, the district court may grant additional sanctions such as reasonable expenses caused by the failure to disclose or supplement, including attorney's fees. FED. R. CIV. P. 37(c)(1)(A). Sanctions should not be awarded, however, if the failure to disclose or supplement was substantially justified. *Id.* "Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175–76 (M.D. Pa. 2002) (citations omitted).

Although not raised by Plaintiff, the Court notes that Rule 26(g) permits the Court to impose sanctions *sua sponte* on counsel and/or the party who violates Rule 26. Rule 26(g) provides that, by signing a discovery response, counsel certifies that the disclosure is "complete and correct as of the time it is made." FED. R. CIV. P. 26(g)(1). The Committee Notes clarify that Rule 26 imposes an affirmative duty on parties "to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37," and specifically provides that counsel's signature "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." 97 F.R.D. 165, 218 (1980).

## IV. DISCUSSION

Plaintiff argues that sanctions are warranted here because Defendants' dilatory

---

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

FED. R. CIV. P. 37(c)(1).

6

production has caused Plaintiff to incur significant costs, primarily relating to the work of its expert forensic accountant, Mr. Tantlinger, who not only spent time compiling a list of documents that Defendants had not produced, but also incurred fees in preparing his expert report without the benefit of the missing documents. (Docket Nos. 70; 74). Thus, it is more than likely that Plaintiff will require a new or amended report, thereby incurring additional costs. (*Id.*). To that end, Plaintiff requests the following relief: (1) that Defendants be ordered to pay reasonable attorney's fees and costs, including expert fees; and (2) that to the extent Plaintiff seeks additional depositions with the benefit of these late-produced documents, Defendants should be ordered to pay fees and costs associated with same. (Docket No. 70 at 5, 8).

In response, Defendants concede that they did not produce all of the information required under this Court's Order and required by the Federal Rules of Civil Procedure. (Docket Nos. 72; 74). Counsel for Defendants also note that certain missing documents were not available to their expert, Mr. King, for his report. (Docket No. 74). Defendants nevertheless argue that sanctions are unwarranted, pointing to Plaintiff's delay in requesting the missing discovery. (*Id.*). On this point, Defendants argue that if Plaintiff had alerted counsel for Defendants as to the missing documents in January, February, or even March of 2014, Defendants would have arranged to produce same, and Plaintiff would not have incurred the costs and burdens for which it now seeks sanctions. (*Id.*).

Rules 26 of the Federal Rules of Civil Procedure requires parties and counsel to produce any nonprivileged matters that are "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). This Court is satisfied that Defendants had custody and control over the bank records and accounting ledgers at issue, such that they bore the responsibility for production of same. A party is considered to have custody or control of documents if the party "has the legal right or

ability to obtain the documents from another source upon demand." *Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). *See also Poole v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000) ("[A] party is charged with knowledge of what its agents know or what is in the records available to it."). Although Defendants may not have had actual possession of the records identified by Mr. Tantlinger, the Court nevertheless finds that Defendants had custody or control of them. *See United States v. 2012 GMC Savannah Van WIN: 1GDS7DC40C1145561*, Civ. No. 13-18, 2014 WL 2215933, *2 (W.D.N.C. May 29, 2014) (finding that a party had control over bank account statements and financial records held in its name, because even if the party did not have the documents within his possession, they were within his control). Defendants were therefore obligated to seek out and produce these records to Plaintiff, consistent with this Court's August 6, 2013 order. (Docket No. 56). Had these records been timely produced, Plaintiff would have avoided some of the expenses incurred related to Mr. Tantlinger.

Nevertheless, the Court agrees with Defendants that Plaintiff failed to promptly raise the issue of the incomplete production. At the case management conference in this case and in every case where this Court conducts a case management conference, counsel are urged to call chambers with any discovery issue. Counsel are also told that the Court will entertain monthly discovery conferences if the parties desire. Both counsel in this matter are sophisticated, experienced commercial trial lawyers. If they could not meet/confer and agree, they could have easily requested a discovery status conference or filed a motion; responded; and argued at hearing.

Mr. Tantlinger is a sophisticated witness, having worked in accounting since 1982. (Docket No. 71-3 at 7). He has prior experience as a forensic accountant in federal and state

courts, in both criminal and civil matters. (*Id.*). During his deposition, Mr. Tantlinger testified that he was aware of what ledgers, account, and other financial information were missing from Defendants' production <u>while</u> he was preparing his expert report. (Tantlinger Deposition, May 7, 2014, 35:14–36:13, 46:11–14, 47:9–12, 64:9–16, 71:4–12). He should have immediately alerted Plaintiff's counsel in this regard. Plaintiff's counsel could have moved to stay discovery and filed a motion with the Court at that time. As noted, the parties were able to work out agreements as to the missing documents when the Court directed them to meet and confer on May 29, 2014, just prior to the hearing on Plaintiff's Motion. (Docket No. 74). Had this occurred in January or February 2014, Plaintiff would have avoided many of the costs of which it now complains.

Therefore, Plaintiff may only recover the reasonable fees incurred related to Mr. Tantlinger's review of Defendants' production to determine what information was missing. In the event that either party prepares and produces a revised expert report to reflect the documents produced pursuant to this Court's June 4, 2014 Order, (Docket No. 77), the party shall bear its own costs.

## V. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (Docket No. [71]) is GRANTED, in part, and DENIED, in part. Specifically, Plaintiff's Motion [71] is granted to the extent that Plaintiff may recover the reasonable expert fees incurred for Mr. Tantlinger to review the documents produced by Defendants in order to determine what documents were missing from production. To that end, Plaintiff shall produce a billing statement for these fees showing date, time, and fees charged by **July 31, 2014**. Payment shall be made by **September 1, 2014**, unless the Defendants dispute said billing. In that event, a motion challenging same shall be filed

9

by **August 8, 2014**; response shall be filed by **August 15, 2014**; and argument shall be heard on **August 19, 2014 at 11:00 a.m.** The Motion [71] is otherwise denied.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: July 22, 2014

cc/ecf: All counsel of record.