IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDE WORTHINGTON ) <br> BENEDUM FOUNDATION ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> WILLIAM FRANCIS HARLEY, III, ) <br> FURSA ALTERNATIVE STRATEGIES, LCC, ) <br> HBS HOLDING COMPANY, LLC, and ) <br> ARSENAL GROUP, LLC ) <br> Defendants. ) | Civil Action No. 12-cv-1386 <br> Judge Nora Barry Fischer <br><br> Chief Magistrate Judge Lisa P. Lenihan <br><br> Re: ECF No. 73 |

**MEMORANDUM OPINION**
**ON PLAINTIFF'S MOTION FOR SANCTIONS**

**Lenihan, Chief Magistrate Judge**

Pending before the court is a Motion for Sanctions filed by Plaintiff Claude Worthington Benedum Foundation ("Plaintiff" or "Benedum Foundation"). After considering the evidence presented and the arguments of Plaintiff and Defendants William Francis Harley, III ("Harley"), Fursa Alternative Strategies, LLC ("Fursa"), HBS Holding Company, LLC ("HBS"), and Arsenal Group, LLC ("Arsenal"), the Court denies Plaintiff's Motion for Sanctions.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a civil complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. On September 25, 2012, Defendants removed this case to the United States District Court for the Western District of Pennsylvania. (ECF No. 1). The case was assigned to Judge Nora Barry Fischer.

1

During the course of discovery, on May 29, 2014 Plaintiff filed a Motion for Sanctions (ECF No. 73). Given the allegations of the motion, Judge Fischer ordered the matter referred to the undersigned on June 3, 2014.[1] (ECF No. 76). The Plaintiff's Motion for Sanctions requests disqualification of the Defendants' expert witness, Douglas King, and his expert report under 28 U.S.C. § 652(d) (2012), and Local Rule 16.2. (ECF No. 73, at ¶ 10). Plaintiff states that Defendants produced King's expert report on or about March 18, 2014. *Id.* at ¶ 1. King reviewed "Defendants' Confidential Early Neutral Evaluation Statement," ("Confidential Statement") and listed the document in Appendix 1 of his report. *Id.* at ¶ 3. Plaintiff alleges that "Defendants' expert has, at least in part, utilized a confidential mediation paper to formulate opinions in this case." *Id.* at ¶ 4.

The undersigned held a status conference on June 23, 2014, and requested that the Defendants forward both the Confidential Statement and the complete expert report to the Court for *in camera* review. (ECF No. 79). Additionally, the parties were given until July 14, 2014 to submit any additional briefing on the issue of disclosure of the Confidential Statement. *Id.* Such briefing was timely submitted, and this motion is ripe for decision.

**II.     APPLICABLE STANDARD OF REVIEW**

This Court must determine if sanctions should be imposed upon Defendants as a result of providing its expert witness, David King, with a copy of its Confidential Statement. The sanction Plaintiff seeks is the wholesale disqualification of King's testimony. In the alternative, in its Additional Brief in Support of Motion for Sanctions, Plaintiff requested disclosure of the Confidential Statement.

---

[1] Section 2.4 of the Policies and Procedures of the U.S. District Court for the Western District of Pennsylvania gives the trial judge discretion to refer a motion such as this, implicating issues of confidentiality in the ADR process, to another judge who is a member of the Court's Case Management and ADR Committee, which the undersigned is.

Plaintiff requests this sanction under this Court's inherent power to assess sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). S*ee also Martin v. Brown,* 63 F.3d 1252, 1265 (3d Cir. 1995).

### III. DISCUSSION

Plaintiff alleges that, because King read the Confidential Statement and disclosed the receipt and review of the document in Appendix 1 of his expert report, the information contained in the Confidential Statement helped form the basis of King's opinion. It must be noted that an expert witness is required to list "the facts or data considered by the witness in forming [his opinions]" and "any exhibits that will be used to summarize or support [his opinions]." FED. R. CIV. P. 26(a)(2)(B)(ii)-(iii). Rule 26 does not specify the extent to which an expert witness must consider facts or review a document when forming his opinion. Because the Defendants supplied their expert witness with the Confidential Statement, and the expert witness read it, he was required to list the document in his expert report.

Defendants do not dispute that they provided King with a copy of the Confidential Statement. In Defendants' Brief in Opposition to Plaintiff's Motion for Sanctions, they allege that the document was a "succinct vehicle to provide necessary background information regarding factual and procedural history of this case, as well as Defendants' positions with respect to claims made by Plaintiff." (ECF No. 78, at 2). Defendants allege that King did not rely on the Confidential Statement when forming his opinion. *Id.* Rather, "[h]e merely lists it amongst the documents reviewed, in addition to many, many other documents that were reviewed but not relied upon." *Id.* Defendants further argue that providing the Confidential

3

Statement to their expert was no different than discussing with him their view of the case, including background and strategy. (ECF No. 84, at 3).

Plaintiff argues that it is permissible to sanction a party for disclosing confidential mediation discussions that may have influenced witnesses, citing *Hand v. Walnut Valley Sailing Club*, 475 Fed.Appx. 277 (10th Cir. 2012). Plaintiff alleges that it was prejudiced, insofar as the Defendants' expert witness relied, "at least in part, on a confidential mediation paper in violation of local rules." (ECF No. 73, at ¶ 7). Plaintiff also cites *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted) for the proposition that a court may impose attorney's fees when a party has acted in "'bad faith, vexatiously, wantonly, or for oppressive reasons.'"

Defendants argue first that the *Hand* ruling, decided in the U.S. Court of Appeals for the 10th Circuit, is not binding on this Court. (ECF No. 78, at 2). In addition, Defendants argue that the plaintiff in *Hand* disclosed communications that took place during the mediation to dozens of potential witnesses. In the case at bar, Defendants supplied their own expert witness with a document prepared prior to early neutral evaluation. *Id.* at 3. Moreover, Defendants aver that Plaintiff has not been prejudiced. In *Hand*, Hand disclosed confidential settlement negotiations to potential third-party witnesses whose testimony was highly relevant to the case. *Hand,* 475 Fed.Appx. 277 at 278. In the case at bar, Defendants disclosed information regarding their position to an expert witness they hired. (ECF No. 78, at 3-4).

The applicable rule states that the expert report must contain any exhibits that will be used to support the opinions. FED. R. CIV. P. 26(a)(2)(B)(iii). What is in question here is whether the Confidential Statement was used to support the opinion.[2]

---

[2] The Defendant provided the Court with a copy of the Confidential Statement, which the Court reviewed *in camera*. (ECF No. 79).

The Court reviewed the Confidential Statement as well as the report of the expert. There is no indication that any portion of the Confidential Statement was relied upon by the expert in formulating his opinion. No portion of the Confidential Statement is included in or quoted by the expert in his opinion. The document is not cited in any of the footnotes in the expert report. Defendants aver that they provided the Confidential Statement to the expert merely to act as a succinct vehicle with which to summarize the procedural and factual background of the case. Moreover, the expert states in Footnote 1 of his report that he relied on Plaintiff's Second Amended Complaint and Defendants' Answer and Affirmative Defenses for his background information. The information from the Confidential Statement does not appear to have influenced or helped King form his expert opinion. The expert did, however, fulfill his obligation to list all of the facts, data, or exhibits considered when forming his opinion, as required by FED. R. CIV. P. 26(a)(2)(B)(ii)-(iii). Therefore, the Confidential Statement is not required to be disclosed in its entirety in the expert report. Whether the Defendants' disclosure of the confidential statement to their own expert witness broke privilege – attorney-client, work product, mediation, or other privilege – and exposes the report to discovery, is a separate question.

The matter at issue here is whether to grant sanctions against a party that supplied its own expert witness with a confidential early neutral evaluation statement. This Court has ruled on motions to strike expert reports and opinions regarding testimony, however not in the context of a motion for sanctions. *See Rice v. Swift Trans. Co.*, Civ. A. No. 3:08-270, 2010 WL 4537059 (W.D. Pa. Nov. 2, 2010). It has granted protective orders under Fed. R. Civ. P. 26(c) to place discovery documents and expert witnesses under a confidentiality order. *Safran v. United Steelworkers of Am. AFL-CIO*, 132 F.R.D. 32 (W.D. Pa. July 9, 1990); *see also Mine Safety*

*Appliances Co. v. N. River Ins. Co.,* Civ. A. No. 2:09cv348, 2014 WL 1320150 (W.D. Pa. Mar. 31, 2014). It has ruled on whether to exclude expert witnesses because the witness may have acquired confidential information as an expert witness for the opposing party during a prior lawsuit. *Weaver v. Mobile Diagnostic, Inc.*, Civ. A. No. 02-1719, 2009 WL 1230297 (W.D. Pa. Apr. 30, 2009). The Court recognized a federal mediation privilege for documents and depositions produced during a grievance process. *See Sheldone v. Penn. Turnpike Comm.*, 104 F.Supp.2d 511 (W.D. Pa. 2000); *see also E.E.O.C. v. U.S. Steel Corp.,* 877 F.Supp.2d 278, 292 n.27 (W.D. Pa. 2012) (citing *Sheldone*, 104 F.Supp.2d 511). The Court also granted sanctions when a party participated in a settlement conference in bad faith, when it failed "to notify the Court in advance of the high unlikelihood of a settlement prior to the settlement conference." *Grigoryants v. Safety-Kleen Corp*., Civ. A. No. 11-267E, 2014 WL 2214272 (W.D. Pa. May 28, 2014).

None of these circumstances are present in the current situation, and the Court finds that sanctions are not warranted. Defendants are correct that the *Hand* ruling is not binding on this Court. More importantly, the facts in *Hand* are completely distinguishable from the facts in the case at bar. In *Hand*, a sailing club revoked plaintiff's membership shortly after he complained about the club's lack of compliance with the Americans with Disabilities Act. *Hand*, 475 Fed.Appx. 277 at 278. The plaintiff filed a lawsuit and the court ordered mediation. *Id.* When the parties failed to settle, the plaintiff emailed forty-four club members with "all the details of the mediation." *Id*. The district court dismissed the case with prejudice, noting that the district court's rules "expressly required anyone involved in court-ordered mediation to keep all such information confidential." *Id.* The court also noted that the plaintiff specifically reached out to club members likely to be called to testify in the case, and his unfavorable description of the

club's behavior "fostered animosity and prejudiced any future efforts to resolve the case." *Id.* at 279.

The plaintiff in *Hand* disclosed specific information about the mediation process to potential third party witnesses, in an attempt to prejudice the witnesses against the defendant. While the plaintiff claimed ignorance of the confidentiality rules on appeal, the court stated that it didn't matter – "the district court didn't commit reversible error" when it dismissed the case with prejudice. *Hand*, 475 Fed.Appx. 277 at 280. In the present matter, all Defendants did was share their confidential early neutral evaluation statement with their own expert witness.

Defendants are correct in noting that their conduct is not sanctionable as bad faith conduct under this Court's inherent power to sanction. The Supreme Court held in *Chambers* that a federal court has the inherent power to impose sanctions for bad faith conduct, and such sanctions can include an award of attorney's fees. *Chambers*, 501 U.S. 32 at 50. Bad faith conduct must rise above that of mere negligence or carelessness. Examples of bad faith include "'delaying or disrupting the litigation or . . . hampering enforcement of a court order.'" *Chambers*, 501 U.S. 32 at 46 (quoting *Hutto v. Finney*, 437 U.S. 678, 718 n.14 (1978)). Although Defendants acknowledge that they deliberately provided their expert witness with the Confidential Statement, Plaintiff fails to explain how the action rises to the level of bad faith. The action was neither negligent nor careless; it was a method of providing their expert with the background on the case as well as their analysis. In addition, *Chambers* does not contemplate the proposed sanction of completely disqualifying the Defendants' expert witness.

There was no bad faith here. The Defendants gave their expert a summary of the case that they had prepared in advance of mediation. If the Defendants wanted to preserve this document behind a wall of privilege, they may (or may not) have made a mistake. But this is not

7

sanctionable behavior. When the time comes to depose the Defendants' expert, Plaintiff is free to explore the extent to which the expert relied on the Confidential Statement. If he admits that he did rely on it, then some or all of the Confidential Statement may be discoverable.

In Plaintiff's Additional Brief in Support of Motion for Sanctions, Plaintiff presents an argument that, because Defendant violated Fed. R. Civ. P. 26(b)(4)(C), the Confidential Statement is discoverable. However, Plaintiff goes on to request that the Court order the expert report produced. Plaintiff already has access to the expert report, so it is unclear why Plaintiff would request it. It is likely that Plaintiff is requesting disclosure of the Confidential Statement in its additional brief.

In Defendant's Supplemental Brief in Opposition to Plaintiff's Motion for Sanctions, Defendants reiterate their argument that their expert did not rely on the contents of the Confidential Statement in formulating his opinions. Defendants also argue that Plaintiff has not been prejudiced by the disclosure of the Confidential Statement inasmuch as such disclosure amounts to a strategic discussion between Defendants and their expert. In addition, Defendants note that the Federal Rules of Civil Procedure provide no basis for disclosure of the Confidential Statement.

Plaintiff misreads FED. R. CIV. P. 26(b)(4)(C). This section protects communications between parties and their expert witnesses, except to the extent that they: "relate to compensation[;] . . . identify facts or data that the party's attorney provided and that the expert considered in forming the opinions . . . [and] identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." The Confidential Statement did not relate to compensation. More pertinently, a review of the expert report indicates that the expert did not consider facts or data from the Confidential Statement

when forming his opinion. Finally, the Court did not see any assumptions in the Confidential Statement that the expert witness used when forming his opinion. Therefore, Fed. R. Civ. P. 26(b)(4)(C) does not compel disclosure of the Confidential Statement. As indicated earlier, Plaintiff should be permitted to question the expert, should it so choose, to determine if facts, data, or assumptions in the Confidential Statement were considered or relied upon.

In the Plaintiff's Motion for Sanctions (ECF No. 73, at ¶ 7), Plaintiff asserts that it has been prejudiced. If they were, then the Confidential Statement, or portions thereof, may be discoverable. Defendants, in their supplemental brief, correctly point out that Plaintiff does not explain, either in its Motion for Sanctions or its additional brief, how it has been prejudiced. Defendants are correct in noting that counsel and the experts they retain frequently discuss all aspects of litigation, including background and strategy. The Confidential Statement was part of this background. The Court can find no prejudice suffered by Plaintiff here.

## IV. CONCLUSION

For the reasons set forth herein, I find that the Defendant's disclosure of the Confidential Statement to its expert witness does not implicate the Court's inherent power to assess sanctions. The Motion for Sanctions will be denied. The Defendant's conduct was not conducted in bad faith, nor was it wanton, vexatious, or conducted for oppressive reasons. Moreover, Plaintiff suffered no prejudice. An appropriate order follows.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of

9

the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.


Dated: August 5, 2014                                         s/Lisa Pupo Lenihan
                                                              LISA PUPO LENIHAN
                                                              Chief United States Magistrate Judge




cc/ecf: All counsel of record.